# EXHIBIT A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Harbor Freight Tools USA, Inc.
Tammy Stafford Associate General Counsel
Harbor Freight Tools USA Inc
26677 Agoura Road
Calabasas CA 91302

01/27/2023

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2023-77

| | | |
|---|---|---|
| 1. | **Entity Served:** | Harbor Freight Tools USA, Inc. |
| 2. | **Title of Action:** | Johannes J. Janse Van Rensburg vs. Harbor Freight Tools USA, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Complaint |
| 4. | **Court/Agency:** | Circuit Court for the City of Suffolk |
| 5. | **State Served:** | Virginia |
| 6. | **Case Number:** | CL22000826-00 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Wednesday 01/25/2023 |
| 10. | **Date to Client:** | Friday 01/27/2023 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 21<br>Wednesday 02/15/2023 | <span style="color:red">**CAUTION:**</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Jason Hart, Esq.<br>Richmond, VA<br>804-358-2200 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 471 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# COMMONWEALTH OF VIRGINIA



SUFFOLK CIRCUIT COURT
Civil Division
150 N. MAIN STREET
SUFFOLK VA
(757) 514-7800

Summons

To: HARBOR FREIGHT TOOLS USA INC
C/O CORPORATE CREATIONS
NETWORK, INC., REGISTERED AGEN
425 W WASHINGTON ST., STE. 4
SUFFOLK VA 23434

Case No. 800CL22000826-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, January 17, 2023

Clerk of Court: W. R. CARTER JR.

by _____ (CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: HART, JASON
804-358-2200

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF SUFFOLK

JOHANNES J. JANSE VAN RENSBURG,

        Plaintiff,

v.

        Case No: CL22000826-00
        JURY TRIAL DEMANDED

HARBOR FREIGHT TOOLS USA, INC.

    Serve:    Harbor Freight Tools USA, Inc.
             c/o Corporate Creations Network Inc., Registered Agent
             425 W. Washington St, Ste. 4
             Suffolk, Virginia 23434-5320
             (City of Suffolk)

        Defendant.

## COMPLAINT

Plaintiff, Johannes J. Janse Van Rensburg, by counsel, for his Complaint, moves for judgment against the Defendant, Harbor Freight Tools USA, Inc., in the amount set forth below:

1. Johannes J. Janse Van Rensburg ("Plaintiff") is a resident of Prince George County, Virginia.

2. Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight"), is a corporation organized pursuant to the laws of Delaware with its principal place of business in Calabasas, California. Its Registered Agent is located in the City of Suffolk, Virginia. Accordingly, this Court has jurisdiction over this matter, and venue is just and proper in this Court.

3. In 2019, Plaintiff purchased four of Harbor Freight's Pittsburgh Automotive 3-ton heavy jack stands (the "Defective Jack Stands") from Harbor Freight Tools (Store 899), Southpark

FILED THIS ___ DAY OF _____, 20__ TIME _____
CITY OF SUFFOLK CIRCUIT COURT, VIRGINIA
TESTE: W. RANDOLPH CARTER JR., CLERK
BY: _____, D.C.

Boulevard, Colonial Heights, Virginia, 23834.

4. On May 31, 2020, Plaintiff, a diesel mechanic, was working on removing the engine of a 1995 Ford E450 bus. Plaintiff properly positioned two of the Defective Jack Stands underneath the chassis of the front of the bus and began working on the bus.

5. Unbeknownst to the Plaintiff, the Defective Jack Stands sold by Harbor Freight contained a defect due to the aging of the production tooling used in the manufacture of the Jack Stands. The defect caused the ratchet teeth on the Defective Jack Stands' lifting extension post to inconsistently engage its pawl to a sufficient depth.

6. As a direct and proximate cause of this defect, the pawl disengaged from the extension lifting post on one or both of the Defective Jack Stands that Plaintiff was using, causing the front of the bus to slam down on Plaintiff, crushing his chest and causing severe and life-threatening injuries.

7. To date, more than 1,700,000 jack stands have been recalled by Harbor Freight because they pose a safety risk that causes serious injury for people near or under a lifted vehicle. The recalls only occurred in 2020 despite the fact that many of the jack stands were manufactured with a potentially defective and dangerous design years ago.

8. Upon information and belief, Harbor Freight knew or should have known about the defect of the Jack Stand prior to the date of recall, yet failed to perform an appropriate inspection or repair or otherwise inform Plaintiff of the Defective Jack Stands.

9. Upon information and belief, defective Harbor Freight jack stands continued to be marketed in advertisements and promotional material as safe and reliable. Purchasers of the defective jack stands were thus led to believe that their jack stands were safe and reliable despite

the known defect.

10. Jack stands produced with aging production tooling are clearly not safe and reliable as the defective jack stands were advertised and promoted. As detailed above, the defects in the jack stands causes the Defective Jack Stand pawl to disengage from the extension lifting post, allowing the stand to drop suddenly.

11. Defendant Harbor Freight knew or should have known that the Defective Jack Stands were defective. Upon information and belief, Harbor Freight concealed knowledge of the nature and extent of the defects from the public, delayed disclosure, and has shown a blatant disregard for public welfare and safety.

12. Upon information and believe, Defendant Harbor Freight substantially participated in the design, component part selection, and assembly of the Defective Jack Stands.

13. As originally designed, manufactured, assembled, inspected, tested, equipped, marketed, and distributed, Plaintiff's Defective Jack Stands were in a defective condition and were unreasonably dangerous to foreseeable users and consumers of the jack stands. These defects existed at the time the Defective Jack Stands were placed into the stream of commerce and at the time of Plaintiff's injuries, and Defendant Harbor Freight knew or should have known of these defects before the date on which Plaintiff's injuries occurred.

14. As a direct and proximate cause of the defect in the jack stands, Plaintiff sustained severe and permanent injuries. Plaintiff would not have purchased, much less used, the jack stands had he known about these defects.

**COUNT I-NEGLIGENCE**

15. Plaintiff incorporates and restates paragraphs 1-14 of the Complaint by reference.

16. At all material times, Defendant Harbor Freight designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold owed Plaintiff and other foreseeable users of the jack stands a duty to exercise ordinary care in the design, selection, testing, assembly, equipping, marketing, distribution, and sale of the Defective Jack Stands.

17. Defendant Harbor Freight knew or should have known that the dangerous condition of the Defective Jack Stands could cause the jack stand pawl to disengage from the extension lifting post under load during its foreseeable use, causing the stand to drop suddenly, which could injure or kill individuals, like Plaintiff, who were under a lifted vehicle.

18. Defendant Harbor Freight recklessly, carelessly, and negligently breached the duty of care owed to the Plaintiff, resulting in Plaintiff's injuries. Defendant Harbor Freight's reckless, careless, and negligent conduct includes but is not limited to the following:

    a. Failing to adopt and implement safety procedures and policies;

    b. Failing to design, test, and assemble the Defect Jack Stands so as to prevent its jack stand pawl from disengaging from the extension lifting post under load, allowing the stand to drop suddenly during foreseeable use in such manner that it could injure or kill the user;

    c. Failing to design, test, and assemble the Defective Jack Stand so that it would adequately perform its function under the load of a vehicle;

    d. Failing to exercise reasonable care in the design of the Defective Jack Stand;

    e. Failing to exercise reasonable care in the testing of the Defective Jack Stand;

    f. Failing to exercise reasonable care in the inspection of the Defective Jack

Stand;

g. Failing to adopt and implement adequate warnings regarding the Defective Jack Stand;

h. Failing to exercise reasonable care to inform users of the Defective Jack Stand's dangerous condition; and

i. Failing to incorporate appropriate quality assurance procedures in the design of the Defective Jack Stand.

19. As a direct and proximate result of Defendant Harbor Freight's negligence, Plaintiff was caused to sustain serious and permanent injuries; has suffered and will continue to suffer great pain of body and mind and inconvenience; has incurred and will continue to incur medical bills in an effort to be cured of said injuries; and has incurred and will continue to incur loss of income and loss of earning capacity.

## COUNT II—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

20. Plaintiff re-alleges, adopts, and incorporates Paragraphs 1–19 of this Complaint as if fully stated here.

21. Defendant Harbor Freight sold the Defective Jack Stands to Plaintiff.

22. At the time Defendant Harbor Freight sold the Defective Jack Stands to Plaintiff, the Defective Jack Stands were not merchantable. Specifically, as detailed in the foregoing paragraphs, the Defective Jack Stands were unreasonably dangerous for the use to which they would ordinarily be put, that is, to support the weight of a large vehicle.

23. As a direct and proximate result of Defendant Harbor Freight's breach of implied warranty of merchantability, Plaintiff was caused to sustain serious and permanent injuries; has

suffered and will continue to suffer great pain of body and mind and inconvenience; has incurred and will continue to incur medical bills in an effort to be cured of said injuries; and has incurred and will continue to incur loss of income and loss of earning capacity.

## COUNT III—BREACH OF WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

24. Plaintiff re-alleges, adopts, and incorporates Paragraphs 1–23 of this Complaint as if fully stated here.

25. Defendant Harbor Freight sold the Defective Jack Stands to Plaintiff.

26. At the time Defendant Harbor Freight sold the Defective Jack Stands to Plaintiff, Defendant Harbor Freight had reason to know that Plaintiff required the Defective Jack Stands for a particular purpose—that is, for use as an automotive jack stand—and that Plaintiff was relying on Harbor Freight's skill and judgment to select or furnish a product that was suitable for Plaintiff's particular purpose.

27. The Defective Jack Stands were not fit for the particular purpose for which Plaintiff purchased them. Therefore, Defendant Harbor Freight breached the implied warranty of fitness for a particular purpose.

28. As a direct and proximate result of Defendant Harbor Freight's breach of implied warranty of merchantability, Plaintiff was caused to sustain serious and permanent injuries; has suffered and will continue to suffer great pain of body and mind and inconvenience; has incurred and will continue to incur medical bills in an effort to be cured of said injuries; and has incurred and will continue to incur loss of income and loss of earning capacity.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in the amount of $7,500,000.00 in compensatory damages, together with pre-judgment and post-

judgment interest thereon from May 31, 2020, until paid, his costs in this matter expended and such other relief that is just and proper under the circumstances.

**Trial by jury is demanded.**

JOHANNES J. JANSE VAN RENSBURG

By _____
Of Counsel

S. Geoffrey Glick, Esquire (VSB# 28800)
gglick@joelbieber.com
Jason M. Hart, Esquire (VSB# 76818)
jhart@joelbieber.com
The Joel Bieber Firm
6806 Paragon Place, Suite 100
Richmond, VA 23230
(804) 358-2200
(804) 358-2262 (Facsimile)

**JAN 2 5 2023**